EL PUEBLO DE PUERTO RICO, apelado, *v.* JUAN RAMOS MIRANDA, acusado y apelante.

*Número:* CR-93-126          *Resuelto:* 10 de abril de 1996

*José A. Cangiano* y *Pablo Colón Santiago*, abogados de la parte apelante; *Carlos Lugo Fiol, Procurador General*, y *María Astrid Hernández Martín, Procuradora General Auxiliar*, abogados de El Pueblo.

— O —

Opinión disidente emitida por el Juez Asociado Señor Rebollo López, a la cual se une el Juez Asociado Señor Hernández Denton.

El apelante Juan Ramos Miranda acude ante nos en solicitud de que se revoquen unas sentencias, *de cuarenta (40) años de presidio*, dictadas por la Sala de Mayagüez del extinto Tribunal Superior de Puerto Rico. Este Tribunal, de manera mayoritaria, confirma dichas sentencias al concluir que, no obstante el tribunal de instancia haber cometido varios errores, el apelante "tuvo un juicio justo e imparcial". *Diferimos.*

Se trata de unas convicciones por infracciones a la Ley de Sustancias Controladas de Puerto Rico, las cuales están basadas *exclusivamente* en el testimonio de un "agente encubierto"; "práctica investigativa" que, no obstante haber

sido objeto de "aprobación" por los tribunales, resulta ser una "inquietante" debido al *hecho innegable* de que "un ciudadano puede ser acusado, condenado y sentenciado a prisión por un gran número de años, exclusivamente a base de la declaración, no corroborada en cuanto a los hechos esenciales de la misma, del agente encubierto". *Pueblo v. Sanabria Pérez*, 113 D.P.R. 694, 695 (1983). Véase *Pueblo v. Álamo Álamo*, 116 D.P.R. 673 (1985). *En otras palabras, nos encontramos frente a un "mal necesario" con el cual tenemos que lidiar con mucho cuidado —caso a caso— y que tiene que ser objeto de "escrutinio riguroso" de parte nuestra.* Véase *Pueblo v. González Del Valle*, 102 D.P.R. 374, 376 (1974).

No hay duda de que si en el presente caso nos *limitamos* a aplicar la trillada norma jurisprudencial a los efectos de que este Tribunal, de ordinario, no intervendrá con la apreciación que de la prueba haya hecho el juzgador de los hechos a nivel de instancia, *Pueblo v. Cabán Torres*, 117 D.P.R. 645 (1986), la confirmación de las sentencias apeladas resulta ser inevitable. *Ahora bien*, el caso de autos *no* es ordinario y común. La defensa en el presente caso presentó abundante evidencia que, *por lo menos*, tiene el efecto de hacer "tambalear" la prueba de cargo; esto es, la prueba de defensa hace *poco creíble* la declaración del agente encubierto.

Si a ello le sumamos, o añadimos, el hecho de que, inclusive, la Mayoría se ve en la obligación de aceptar que el tribunal de instancia cometió, cuando menos, cinco (5) errores de los señalados por el apelante en su recurso, la conclusión mayoritaria a los efectos de que el apelante "tuvo un juicio justo e imparcial" *no* resulta ser, después de todo, muy correcta.

Debe mantenerse presente que, reiteradamente hemos resuelto que a pesar de que un error cometido en un proceso criminal puede no ser, por sí solo, suficiente para revocar la sentencia impuesta, *el "efecto acumulativo" de va-*

*rios errores cometidos sí puede serlo.* Véase *Pueblo v. Ramos Álvarez*, 118 D.P.R. 782, 792 (1987).

En fin, somos del criterio que el presente caso, *cuando menos*, debería ser devuelto al foro de instancia para la celebración de un nuevo proceso.